**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1582-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THADDEUS T. REEVEY,

    Defendant-Appellant.

_____

Submitted December 11, 2023 – Decided January 22, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-09-1583.

Bailey & Toraya, LLP, attorneys for appellant (Adam W. Toraya, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thaddeus T. Reevey appeals from an order denying his petition for post-conviction relief (PCR). He contends that he was entitled to an evidentiary hearing concerning his trial counsel's alleged ineffective assistance. He also argues that he is entitled to a new PCR proceeding because his PCR counsel was ineffective. Discerning no merit in those arguments, we affirm.

I.

On November 8, 2011, Eric Freeman and Aaron Bray were walking on a street in Asbury Park. As they walked along, they saw two other men walking. One of the other men was wearing a black jacket, had facial hair, and had long braids tied up in a bun on the back of his head. As that man got closer to Freeman and Bray, he pulled out a handgun and shot Freeman several times.

Bray and Freeman then ran away. Shortly thereafter, Freeman was found lying just inside the entrance of a nearby apartment building. He was taken to the hospital and pronounced dead. A subsequent autopsy disclosed that Freeman died of two gunshot wounds to his chest.

As part of the investigation of the shooting, police located and obtained copies of videos from two surveillance cameras in the area of the shooting. The videos did not capture the shooting itself, but they did show Freeman and Bray walking, as well as two other men walking. One of the other men depicted in

A-1582-21

the video was wearing a black jacket and the other man was wearing a gray hooded sweatshirt. The man wearing the black jacket walked out of the view of the camera towards Freeman and Bray. Shortly thereafter, the man wearing the gray sweatshirt turned and ran away.

Police also located and interviewed Bray. Bray identified defendant as the shooter from a photo array.

Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). A trial was conducted in February and March of 2016. At trial, the jury viewed the videos from the surveillance cameras, heard testimony from Bray, including his in-court identification of defendant, and considered other evidence. The jury then convicted defendant of both charges.

In August 2016, defendant was sentenced to an aggregate prison term of forty-five years with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant appealed, but we affirmed his convictions. State v. Reevey, No. A-1018-16 (App. Div. Mar. 25, 2019). The Supreme Court denied defendant's petition for certification. State v. Reevey, 239 N.J. 499 (2019).

In January 2020, defendant filed a PCR petition. He was assigned counsel, who assisted defendant in filing an amended petition and prepared a brief in support of defendant's petition. Thereafter, a judge heard oral argument. On December 2, 2021, the PCR judge issued a written opinion and order denying defendant's PCR petition. Defendant now appeals.

II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTIONS THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL . . . .
>
> . . . DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED [TO] EFFECTIVELY CROSS[-]EXAMINE AARON BRAY, WHO WAS THE ONLY WITNESS TO IDENTIFY THE DEFENDANT AT TRIAL[.]
>
> POINT II – DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF [PCR] COUNSEL[.]

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div.

4                                            A-1582-21

2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

A-1582-21

A.    Defendant's Allegations Concerning the Ineffective Assistance of Trial Counsel.

Defendant argues that his trial counsel was ineffective in providing him assistance at trial. He primarily focuses on the contention that his trial counsel did not effectively cross-examine Bray. Specifically, he argues that his trial counsel should have pressed Bray on the inconsistencies in Bray's statements to the police.

At trial, defense counsel cross-examined Bray. Defendant has failed to present any evidence that that cross-examination was ineffective because defense counsel did not press certain inconsistencies. While defendant has alleged that Bray gave inconsistent statements, he has not demonstrated that pressing Bray on those inconsistencies would have resulted in an acquittal by the jury. In short, defendant asks us to speculate, and he relies on bald contentions that are not supported by the record. State v. Jones, 219 N.J. 298, 311-12 (2014) (noting that a claim of ineffective assistance of counsel will not entitle a PCR petitioner to an evidentiary hearing where petitioner makes "bald assertions" and does not allege "facts sufficient to demonstrate counsel's alleged substandard performance" (quoting Porter, 216 N.J. at 355)); Porter, 216 N.J. at 355 (noting that a defendant is not entitled to an evidentiary hearing where allegations of ineffective assistance of counsel are "'too vague, conclusory, or

6

speculative'" and not supported by "specific facts and evidence" (quoting State v. Marshall, 148 N.J. 89, 158 (1997))); State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023) (explaining that "[b]ald assertions are insufficient to establish a prima facie case of ineffective assistance of counsel").

B.    Defendant's Allegations Concerning Ineffective Assistance of PCR Counsel.

Defendant also argues that his PCR counsel should have better organized the arguments he presented and that his PCR counsel failed to accurately present his arguments.    Defendant has failed, however, to demonstrate that a reorganization or rewording of his arguments would have led to a different result.  In short, defendant is not entitled to a new PCR proceeding because he received adequate assistance of counsel and a thorough review by the PCR court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7